### PIERCE v. CUBBERLY and Another.

Where a party to an action is called as a witness for his adversary, appears, and submits to a partial examination, and then absents himself from the court-house, and disobeys legal process requiring his further attendance, such misconduct can not be considered in this Court, unless it was properly brought to the attention of the Court below.

APPEAL from the *Grant* Circuit Court.

· DAVISON, J.—The facts alleged in the complaint are, substantially, as follows: *Pierce*, who was the plaintiff, and *Cubberly*, were partners in a contract with· the *Marion and Logansport Railroad Company*, whereby they agreed to grade and construct said railroad from *Marion*, in *Grant* county, to *Logansport*, in *Cass* county, for which they were to be paid, by the company, twenty thousand dollars per mile. The company having failed to comply with the contract, and the work having been suspended, *Cubberly* assigned his interest in the contract and partnership effects to *Pierce*, who was to close up the partnership business, pay the debts of the firm with any means it might have, and should there be a balance, after payment of said debts, and paying him, *Pierce*, a reasonable compensation for settling up the concern, such balance was to be equally divided between them. Plaintiff avers that he paid the debts of the firm, which amounted to ten thousand dollars, but of that amount he

paid, out of his own money and means, five thousand dollars, the latter amount being due, over and above the amount realized out of the property and assets of the firm. The object of the suit was for an account, etc.; also, for the recovery, against *Cubberly*, of one half of the sum paid by plaintiff out of his own means, and to subject to the payment thereof a certain tract of land which had been purchased by *Cubberly* with the property and moneys of the partnership, and the deed therefor taken in his wife's name, etc. Defendants answered by a general denial, and by two special defenses, wherein it is alleged, *inter alia*, that the plaintiff had received into his hands property and assets belonging to the firm of the value of eight thousand dollars, which he has converted to his own use, and which, after paying the partnership debts, and the plaintiff a reasonable compensation for settling up its affairs, would leave a balance of two thousand dollars. For the one-half of that balance, the defendants claim judgment, etc.

There was a reply in denial of the answer. Verdict in favor of the defendants, for four hundred and fifty-four dollars. Plaintiff moved for a new trial. Pending that motion, the defendants, at the suggestion of the Court, entered, upon the verdict, a *remittitur* of three hundred and forty-seven dollars, and the Court, thereupon, overruled the plaintiff's motion, and gave judgment against him for one hundred and seven dollars.

The causes for a new trial, relied on in the appellant's brief, are thus assigned: 1. Misconduct of *William Cubberly*, one of the defendants, upon the trial. 2. The refusal of the Court to allow the plaintiff to prove the value of his services in settling up the partnership business. 3. The verdict is not sustained by the evidence. In support of the first assigned cause, it was shown, by the affidavit of the plaintiff, that, during the trial, the defendant, being present in Court, was called and sworn as a witness on behalf of the plaintiff,

and having, as such witness, taken the stand, the plaintiff proceeded to examine him, but had not, at the adjournment of the Court in the evening, completed such examination. On the next morning, being the morning of the day on which the trial closed, the defendant failed to appear in Court, having absented himself for the purpose of avoiding his further examination, and the plaintiff, thereupon, procured a subpœna, to testify in the cause, to be served upon him, but he refused to obey it, and the trial proceeded to its close without his further testimony.

The statutory rule is, that "A party to an action may be examined as a witness, at the instance of the adverse party, and, for that purpose, may be compelled to testify in the same manner and subject to the same rules of examination as any other witness." "The attendance of the party to be examined may be enforced," and "any party refusing to attend and testify as above provided, may be punished as for a contempt, and his complaint, answer, or reply may be stricken out." 2 R. S., p. 96. These provisions very plainly point out the mode of proceeding against a party who, as a witness, refuses "to attend and testify." But, in this instance, the record fails to show that any proper step was taken to compel the attendance of the defendant. The plaintiff, it is true, caused the service of a subpœna; but the fact that its requirements were disobeyed, does not appear to have been presented, in any form, to the consideration of the Court, and the trial was allowed to proceed, in the absence of any effort to coerce his appearance, in the mode prescribed by the statute. The non-attendance of the defendant, as a witness, is not, therefore, an available ground for a new trial; but defendant, though his conduct as a witness may have been improper and illegal, has been guilty of no misconduct as a party to the suit, and hence, the first alleged cause for a new trial is unsustained.

The agreement between *Pierce* and *Cubberly*, referred to

in the complaint, was given in evidence on the trial. By that agreement, *Cubberly* assigned all his interest in the property and effects of the partnership firm to *Pierce*, who thereby agreed to settle up and close the business of the firm, and pay all legal demands against it, and should there be a balance, after paying him a *reasonable compensation* for settling up said partnership, then such balance was to be equally divided between them. During the trial, the plaintiff offered to prove the value of his services in settling up and closing the business of the firm, but his offer was refused, and he excepted. This refusal, as we have seen, was one of the assigned causes for a new trial. We think the evidence should have been admitted, because it was pertinent to the issues. The plaintiff, in the event of there being a residue, after paying the debts of the firm, was entitled to pay for his services, and it was for the jury, in case they found such residue, to determine upon the amount of compensation to which he was entitled. For the error in refusing the offered evidence, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed, with costs, and the cause remanded for another trial.

*John Brownlee*, for the appellant.